UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>                Petitioner,<br>     v.<br><br>STATE OF NEVADA, *et al.,*<br><br>                Respondents. | Case No. 3:17-cv-00595-MMD-WGC<br><br>ORDER |

Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a pauper application.

It does not appear that a dismissal without prejudice would materially impact the analysis of either a substantial successive petition issue and/or the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] Petitioner challenged his custody under the same judgment of conviction in No. C162028 in the state district court previously in this Court in No. 3:04-cv-00225-RCJ-VPC. This Court denied that petition on the merits on September 28, 2007; and the Court of Appeals dismissed petitioner's untimely appeal for lack of jurisdiction. Review of online judicial dockets reflects that: (a) there have been no intervening amended or corrected judgments of conviction in the state district court; and (b) the Ninth Circuit has not granted petitioner authorization to file a second or successive petition. Litigation of the substantial successive petition issue thereby presented will not be materially impacted by a dismissal of the current action without prejudice.

With regard to timeliness, petitioner's conviction in No. C162028 was affirmed on direct appeal on February 13, 2002, and the time to file a *certiorari* petition expired on May 14, 2002. Thereafter, petitioner filed a timely state petition on an unspecified date, with an amended petition being filed on January 28, 2003. Proceedings on the petition remained pending through issuance of the remittitur on March 16, 2004. Absent tolling or delayed accrual, the federal limitation period accordingly expired, at the very latest, on March 16, 2005. There were no timely state post-conviction or other collateral review proceedings pending prior to the putative expiration of the federal limitation period on March 16, 2005. All of Williams' state post-conviction petitions filed after the first petition were dismissed as, *inter alia*, untimely; and the later petitions therefore did not statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2). Proceedings on
*(fn. cont...)*

This improperly commenced action therefore will be dismissed without prejudice.[2]

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk will make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court send petitioner a copy of his papers in this action, along with copies of the forms and instructions for an inmate pauper application and habeas petition.

It is further ordered that the Clerk of Court enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 6th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
petitioner's motion to correct an illegal sentence were pending from March 25, 2015, through December 15, 2015, but the federal limitation period long since had expired by that point absent other tolling or delayed accrual. The same observation applies to petitioner's motion for new trial, if timely, that was pending from November 22, 2010, through December 17, 2010. Litigation in a promptly-filed new action of the timeliness issue presented by the foregoing writ history would not be materially impacted by a dismissal without prejudice of the present action, and that timeliness issue would be reached only if petitioner overcame the substantial successive petition issue that would be presented in the first instance.

[2]The dismissal on the grounds stated does not imply that the papers presented are free of other deficiencies. *Inter alia*, petitioner did not name his immediate custodian as a respondent and improperly named the State as a respondent, neither signed nor verified the petition, did not use the petition form exclusively to state his claims, and did not attach copies of the relevant state court decisions on his claims.